UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| DENNIS BAMBER, INC., ) | CASE NO. 06-31800 HCD |
| d/b/a THE WOODWIND & THE BRASSWIND, ) | CHAPTER 7 |
| ) | |
| DEBTOR. ) | |
| _____ ) | |
| ) | |
| STEINWAY MUSICAL INSTRUMENTS, INC., ) | |
| PLAINTIFF, ) | |
| vs. ) | PROC. NO. 07-3014 |
| ) | |
| DENNIS BAMBER, INC. d/b/a THE WOODWIND ) | |
| & THE BRASSWIND, and LaSALLE BANK, N.A., ) | |
| DEFENDANTS. ) | |
| _____ ) | |
| ) | |
| DENNIS BAMBER, INC., ) | |
| d/b/a THE WOODWIND & THE BRASSWIND, ) | |
| COUNTERCLAIMANT, ) | |
| ) | |
| vs. ) | |
| ) | |
| STEINWAY MUSICAL INSTRUMENTS, INC., ) | |
| COUNTERDEFENDANT. ) | |

Appearances:

James Carlberg, Esq., attorney for plaintiff, Bose McKinney & Evans LLP, 135 North Pennsylvania Street, Suite 2700, Indianapolis, Indiana 46204;

Kurtis A. Marshall, Esq., attorney for defendant and Chapter 7 Trustee, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204; and

James F. Groves, Esq., attorney for prospective intervenor Bamber, L.L.C., 205 West Jefferson Boulevard, Suite 502, South Bend, Indiana 46601.

MEMORANDUM OF DECISION

At South Bend, Indiana, on August 14, 2008.

Before the court are the Motion of Bamber, L.L.C., to Intervene, filed by prospective intervenor

Bamber, L.L.C. ("movant" or "Bamber, L.L.C."), and the Plaintiff's Objection to that motion, filed by Steinway

Case 07-03014-hcd    Doc 90    Filed 08/14/08    Page 2 of 9

07-3014 Steinway vs. Bamber
8/14/08

Musical Instruments, Inc. ("plaintiff" or "Steinway"). At the hearing held on July 15, 2008, Bamber, L.L.C. stated in its opening argument that it was not seeking permissive intervention and was not asserting a claim of fraud. The parties focused on whether Bamber, L.L.C. could intervene of right. At the conclusion of that hearing, the court denied the Motion to Intervene on the ground that the movant had failed to satisfy the requirement that the application be timely. This Memorandum of Decision sets forth more fully the determination of the court as announced at the hearing.

Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and Northern District of Indiana Local Rule 200.1, the United States District Court for the Northern District of Indiana has referred this case to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2)(E) over which the court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014. Any conclusion of law more properly classified as a factual finding shall be deemed a fact, and any finding of fact more properly classified as a legal conclusion shall be deemed a conclusion of law.

Background

Bamber, L.L.C. moved to intervene as a third-party beneficiary to the Asset Purchase Agreement ("APA") between Steinway and the debtor Dennis Bamber, Inc. ("DBI" or "debtor"). *See* R. 58. It asserted that APA ¶ 10.2 "provides for the negotiation of leases with Bamber, L.L.C., creating third-party beneficiary rights in favor of Bamber, L.L.C." *Id.* at 2. It further argued that "[t]he conduct that gives rise to DBI's counterclaim is the same conduct that would give rise to a claim in favor of Bamber, LLC, for breach of contract (as well as some of the tort remedies) as a third-party beneficiary of the contract." *Id.* Although the movant recited Rule

2

07-3014 Steinway vs. Bamber
8/14/08

Case 07-03014-hcd    Doc 90    Filed 08/14/08    Page 3 of 9

24(a) and (b) in its Motion, it did not attempt to satisfy any of the requirements for intervention of right or for permissive intervention. Nevertheless, it addressed some of the requirements at the hearing.

Bamber, L.L.C. asserted that it was a third-party beneficiary under the APA because it owned the building and real estate being leased by the debtor. It explained that the original lease agreement between the debtor and the first bidder to purchase the debtor's assets (Musician's Friend) was higher than the ultimate lease agreement they negotiated after the second bidder (Steinway) made and withdrew its offer. As a consequence, it contended, Bamber, L.L.C. suffered a monetary loss of several millions of dollars. The movant stated that its claims followed the Trustee's claims and that it was withdrawing its claim of fraud against Steinway. It concluded that the Trustee's claims now are the same as Bamber, L.L.C.'s claims.

The movant raised three arguments at the hearing. First, it insisted that, if Steinway should prevail in this adversary proceeding, Bamber, L.L.C. is not collaterally estopped from protecting its interests in a separate law suit in another court. Second, it claimed that Bamber, L.L.C.'s interests are not protected by the Trustee for the debtor DBI. The movant believed that its interest in the lost lease payments would not be a damage claim that the Trustee would pursue on behalf of Bamber, L.L.C. Finally, it denied that its intervention would be onerous to the litigation. Because Bamber, L.L.C. is "riding on the coattails" of the Trustee with respect to all arguments except its proof of lease damages, it asserted that it would not disrupt the pre-trial discovery process and would add only two hours of time at trial in order to prove its damages. In fact, it pointed out, if the movant is forced to bring its case in a different court, it will be required to duplicate the discovery already being conducted before this court. Steinway objected to Bamber, L.L.C.'s Motion to Intervene by written Objection and by further argument at the hearing. The court, having denied the Motion to Intervene at the hearing, now presents its legal analysis of the movant's failure to prove its entitlement to intervention of right.

07-3014 Steinway vs. Bamber
8/14/08

Case 07-03014-hcd    Doc 90    Filed 08/14/08    Page 4 of 9

Discussion

Rule 24 of the Federal Rules of Civil Procedure, made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7024, governs intervention. To intervene as of right under Rule 24(a), the movant must satisfy four requirements: "(1) the application must be timely; (2) 'the applicant must claim an interest relating to the property or transaction which is the subject of the action'; (3) 'the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest'; and (4) 'existing parties must not be adequate representatives of the applicant's interest.'" *Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 700 (7th Cir. 2003) (quoting *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000)). "The proposed intervenor has the burden of proving each element, and lack of even one element requires denial of the motion." *American Nat'l Bank & Trust v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989). The court, after reviewing the briefs of counsel and hearing their oral arguments, has found that several factors are lacking in this case. At the hearing, however, the parties and the court focused on the first requirement, the timeliness of the application to intervene.

In determining timeliness, the court considers four factors: "'(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances.'" *Heartwood*, 316 F.3d at 701 (quoting *Sokaogon*, 214 F.3d at 949).

The movant argued that its application was timely. It pointed out that it filed its request to intervene on April 1, 2008, six months after the counterclaim for breach of contract was filed by the Trustee on October 10, 2007. Counsel for Bamber, L.L.C., who also represents Dennis Bamber individually, explained to the court that he had prepared a draft of a lawsuit on the debtor's claims before the Trustee had been appointed and had shared that draft with counsel for the debtor in possession, DBI. However, those arguments were not brought before the court by the debtor until they appeared in this Steinway lawsuit and were filed in the form of a counterclaim by

07-3014 Steinway vs. Bamber 8/14/08

Case 07-03014-hcd    Doc 90    Filed 08/14/08    Page 5 of 9

the Trustee for the debtor. Bamber, L.L.C. insisted, therefore, that it has not been dilatory; instead, it was waiting to see when the counterclaim would be filed, and then it filed the petition to intervene.

Steinway argued that the timeliness factor weighs against Bamber, L.L.C. It described the chronology and circumstances leading to the movant's request to intervene. Steinway filed its Complaint on February 28, 2007, against the debtor DBI. Dennis Bamber is the President of DBI and the sole shareholder of Bamber, L.L.C., which owns the building in which DBI conducts its business. According to Steinway, it is clear that Bamber, L.L.C. knew or should have known of the adversary proceeding on February 28, 2007. The Trustee, who was appointed in May 2007, filed the counterclaim against Steinway on September 7, 2007. Steinway insisted that Dennis Bamber, the sole shareholder of Bamber, L.L.C., knew that the L.L.C.'s interests might be adversely affected by the outcome of this litigation from the time it was filed in February 2007. Nevertheless, Bamber, L.L.C. did not file its motion to intervene until April 2008, over a year later.

The court agrees with Steinway that the Motion to Intervene of Bamber, L.L.C. is not a timely application. "The relevant inquiry in determining timeliness" is "on the time between the [movant's] knowledge that the suit could impact [its] interests and the motion to intervene." *Heartwood*, 316 F.3d at 701. Counsel for the movant made clear, at the hearing, that he was well aware that the issues underlying this lawsuit could impact the interests of Bamber, L.L.C. even before the Trustee was appointed. Certainly the filing of the Complaint by Steinway put Dennis Bamber, individually and as the debtor DBI, and as Bamber, L.L.C., on notice that their interests might be adversely affected. *See id.*; *see also Shea v. Angulo*, 19 F.3d 343, 349 (7th Cir. 1994) (affirming denial of application to intervene filed over one year after lawsuit was filed). "A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation." *Id.* (citing cases). The court finds that Bamber, L.L.C., by waiting until the counterclaim was filed, did not move promptly to intervene.

The court also finds that the delay in this adversary proceeding, caused by the filing of the motion to intervene and, if the motion is granted, the Intervening Complaint, has prejudiced and will continue to prejudice

the original parties to this adversary proceeding, now in the process of conducting discovery. Steinway points out, without contradiction from the movant, that "similar claims are already being prosecuted by Mr. Bamber for Bamber LLC in the Guaranty Proceeding [in the United States District Court for the Northern District of Indiana]." R. 77 at 11. The introduction of those claims herein by the intervenor at this late stage will prolong this adversary proceeding and may duplicate the arguments being presented in the Guaranty Proceeding. Moreover, because Dennis Bamber brought an Amended Counterclaim and Amended Third Party Complaint in the Guaranty Proceeding to recover damages for injuries to Bamber, L.L.C., *see id.* at 6, the movant's claims will be heard in that district court forum. Therefore, the court finds that the prejudice to the movant, if the motion to intervene is denied, is slight, given his access to the district court proceeding, and is less than the prejudice to the original parties if the motion is granted. The court determines that the movant has failed to satisfy the timeliness requirement of Rule 24(a). Therefore, the application of Bamber, L.L.C. for intervention of right must be denied.

The court further finds that the movant has failed to satisfy the second prong of Rule 24(a), which requires the applicant to "claim an interest relating to the property or transaction which is the subject of the action." *Heartwood*, 316 F.3d at 700. Here, the movant asserted that its claim was based upon its third-party beneficiary interest under the APA. Bamber, L.L.C. acknowledged that it was not a party to the APA; instead, it claimed third-party beneficiary status pursuant to ¶ 10.2 of the APA, which covered lease agreements between Steinway and DBI. Because Bamber, L.L.C. owned the building leased by DBI, it argued that "Paragraph 10.2 of that Asset Purchase Agreement provides for the negotiation of leases with Bamber, L.L.C., creating third-party beneficiary rights in favor of Bamber, L.L.C." R. 58 at 2. Steinway responded that ¶ 11.7 of the APA barred Bamber, L.L.C.'s claim by stating that "no third party shall have standing to enforce any provision of this Agreement." *See* R. 77 at 15 (quoting APA ¶ 11.7).

"'Generally, only parties to a contract or those in privity with the parties have rights under the contract.'" *Evan v. Poe & Assocs., Inc.*, 873 N.E.2d 92, 98 (Ind. App. 2007) (quoting *OEC-Diasonics, Inc. v. Major*, 674

N.E.2d 1312, 1314-15 (Ind. 1996)). "However, '[o]ne not a party to an agreement may nonetheless enforce it by demonstrating that the parties intended to protect him under the agreement by the imposition of a duty in his favor.'" *Id.* A third-party beneficiary attempting to enforce a contract must show the following three elements under Indiana law:

>   (1) A clear intent by the actual parties to the contract to benefit the third party;
>   (2) A duty imposed on one of the contracting parties in favor of the third party; *and*
>   (3) Performance of the contract terms is necessary to render the third party a direct benefit intended by the parties to the contract.

*Luhnow v. Horn*, 760 N.E.2d 621, 629 (Ind. App. 2001). "The intent of the contracting parties to bestow rights upon a third party 'must affirmatively appear from the language of the instrument when properly interpreted and construed.'" *OEC-Diasonics*, 674 N.E.2d at 1315 (quoting *Freigy v. Gargaro Co.*, 60 N.E.2d 288, 291 (Ind. 1945)). In this case, the contract itself reflects the clear intent of the parties – one of whom is Dennis Bamber, as President of DBI – <u>not</u> to benefit any third party. The argument of the movant that ¶ 11.7 is just general language inserted into all contracts rings hollow. The provision is unambiguous:

>   . . . This Agreement is binding upon, and shall inure solely to the benefit of, the parties hereto and their respective heirs, personal representatives, successors and permitted assigns. This Agreement is not intended to benefit, and shall not be construed as benefiting, any third party, and no third party shall have standing to enforce any provision of this Agreement.

R.1, Ex. 1, APA at ¶ 11.7. The express language of the contract makes clear that third parties to the contract are not intended beneficiaries of the contract. *See Morrison v. American Online, Inc.*, 153 F. Supp. 2d 930, 934 (N.D. Ind. 2001) (finding that the third party beneficiary claim, under the terms of a similar agreement, failed as a matter of law).

That first criterion, the intent to benefit the third party, is recognized by Indiana courts to be the "controlling factor and may be shown by specifically naming the third party or by other evidence." *Luhnow*, 760 N.E.2d at 629. In this case, Bamber, L.L.C. is not named in ¶ 10.2 as a party in the negotiation of the leases, and the movant provides no other evidence that DBI and Steinway intended to benefit Bamber, L.L.C. The court finds that Bamber, L.L.C. has failed to meet the first and controlling factor establishing third-party beneficiary status

07-3014 Steinway vs. Bamber 8/14/08

Case 07-03014-hcd    Doc 90    Filed 08/14/08    Page 8 of 9

under the APA contract between DBI and Steinway. Because all three requirements must be fulfilled, the court determines that Bamber, L.L.C. is not a third-party beneficiary of the contract and therefore has no right to enforce any of the contract's provisions. Moreover, the court finds that the movant, having failed to establish its third party beneficiary status under the APA, also failed to prove that it has a "direct, significant legally protectable interest" in the subject matter of the adversary proceeding. *American Nat'l Bank & Trust Co.*, 865 F.2d at 147.

"Even if the [movant] had a legal interest to protect, it could not intervene as long as that interest is 'adequately represented by existing parties.'" *Sierra Club, Inc., v. Environmental Protection Agency*, 358 F.3d 516, 518 (7th Cir. 2004) (quoting Rule 24(a)(2)). In the view of the court, the interest of Bamber, L.L.C. clearly is well known by Dennis Bamber, President of the debtor DBI, and by the Trustee. Moreover, a trustee in bankruptcy has a fiduciary duty to represent creditors. The Seventh Circuit has held "that a presumption of adequacy of representation arises where the proposed intervenors and a party to the suit have the same ultimate objective." *American Nat'l Bank & Trust Co.*, 865 F.2d at 148 n.3 (citing *Wade v. Goldschmidt*, 673 F.2d 182, 186 n.7 (7th Cir. 1982)). The movant stated at the hearing that Bamber, L.L.C. is "riding on the coattails" of the Trustee with respect to all arguments except its proof of lease damages. Although the movant could debate the adequacy of the Trustee's representation of it, nevertheless it appears to the court that the movant has not succeeded in overcoming the presumption of adequacy of representation by the Trustee. However, the court need not determine that Bamber, L.L.C. has failed to establish that its interest is not adequately represented by existing parties. Because the proposed intervenor clearly failed to establish the first two criteria, the court need not consider the other two before denying the motion to intervene.

The court determines, therefore, that Bamber, L.L.C. has failed in its burden of proving the required elements of Rule 24(a) intervention of right. It is not entitled to participate in this adversary proceeding as a party. Bamber, L.L.C.'s motion to intervene is denied.

07-3014 Steinway vs. Bamber
8/14/08

Case 07-03014-hcd    Doc 90    Filed 08/14/08    Page 9 of 9

Conclusion

For the reasons presented in this Memorandum of Decision, the Motion of Bamber, L.L.C., to Intervene is denied.

SO ORDERED.

   /s/ HARRY C. DEES, JR.
Harry C. Dees, Jr., Chief Judge
United States Bankruptcy Court